Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
631.351.0300
631.351.1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
FRED ALSTON, as a Trustee of THE
LOCAL 272 LABOR-MANAGEMENT
PENSION FUND; FRED ALSTON,
as a Trustee of THE LOCAL 272
WELFARE FUND,

           Civil Action No.
           08cv01231(RMB/THK)
           ECF Case

           Plaintiffs,

     -against-                     COMPLAINT

WALL STREET GARAGE PARKING CORP.,

           Defendant.

-------------------------------------------X

       Plaintiffs, complaining of the defendant, by their attorney, JEFFREY S. DUBIN, allege

as follows:

     1.     This is an action by a Trustee of two employee benefit plans, on behalf of the

Trustees of the two plans, to enforce the obligations of the defendant to make contributions

to these plans and for interest, additional interest, reasonable attorney's fees and costs of

action. The jurisdiction of this Court is invoked under Section 502 of the Employee

Retirement Income Security Act of 1974 (E.R.I.S.A.), as amended, 29 U.S.C. § 1132, and 28 U.S.C. § 1331.

2.      Plaintiff, Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund (Pension Fund) and as a Trustee of the Local 272 Welfare Fund (Welfare Fund), is and was a fiduciary within the meaning of Section 3(21) of E.R.I.S.A., 29 U.S.C. § 1002(21). The Pension Fund and the Welfare Fund are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

3.      The Pension Fund, and the Welfare Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

4.      Upon information and belief, the defendant is and was a corporation, incorporated under the laws of the State of New York.

5.      Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

6.      At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

7.      Heretofore, defendant entered into a contract which, *inter alia*, provided for contributions by defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant.

8.    The Fringe Benefit Funds are third party beneficiaries of said contract.

9.    Pursuant to said contract, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said contract was in full force and effect.

10.    Pursuant to said contract, defendant is required to make contributions to plaintiffs for the period January 1, 2005 to September 30, 2007.

11.    Fred Alston, as a fiduciary, has standing to bring this action pursuant to Sections 502(a)(3)(B)(ii) and 515 of E.R.I.S.A., 29 U.S.C. §§ 1132(a)(3)(B)(ii) and 1145.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### ON BEHALF OF PLAINTIFF FRED ALSTON,
### AS A TRUSTEE OF THE PENSION FUND

12. Plaintiff, Fred Alston, as a Trustee of the Pension Fund, repeats and realleges each and every allegation set forth in paragraphs 1 through 11.

13.    Defendant has failed and refused and continues to refuse to pay to plaintiff Pension Fund, the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

AS AND FOR A SECOND CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF
FRED ALSTON, AS A TRUSTEE
OF THE WELFARE FUND

14. Plaintiff, Fred Alston, as a Trustee of the Welfare Fund repeats and realleges each
and every allegation set forth in paragraphs 1 through 11.

15. Defendant has failed and refused and continues to refuse to pay to plaintiff
Welfare Fund, the amounts owed to plaintiff in breach of the terms of the plan and in breach
of the terms of the Agreement and Declaration of Trust and in violation of the provisions of
Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are
as set forth hereinafter, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section
502(g)(2), 29 U.S.C. § 1132(g):

1.    On the First Claim for Relief in favor of plaintiff, Fred Alston, as a
Trustee of the Pension Fund and against defendant in the amount of $32,894.40.

2.    On the Second Claim for Relief in favor of plaintiff, Fred Alston, as a
Trustee of the Welfare Fund and against defendant in the amount of $45,312.00

3. In accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2),
awarding plaintiffs on the foregoing claims for relief:

a.    interest of 18% on said unpaid contributions pursuant to
E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first

day of the month when payment was due, to the date when payment is made.

        b.      additional interest of 18% on said unpaid contributions pursuant

to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E).

        c.      reasonable attorneys fees and costs of the action pursuant to

Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

        4.      Such additional contributions to the Fringe Benefit Funds that become

due and owing from the date of filing of this action until the date of entry of judgment in this

action, plus, interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section

502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month

when payment was due, to the date when payment is made, plus additional interest of 18%

on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.

§§ 1132(g)(2)(C) and (E), plus reasonable attorneys fees and costs pursuant to Section

502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D),

        AND, for such other relief under E.R.I.S.A., as this Court deems appropriate.

Dated: February 4, 2008

                                                 _____
                                                 Jeffrey S. Dubin (JD-0446)
                                                 Attorney for Plaintiffs
                                                 464 New York Avenue
                                                 Suite 100
                                                 Huntington, New York 11743
                                                 631.351.0300
                                                 631.351.1900 FAX
                                                 dubinjs@cs.com

To:   Defendant (Fed.R.Civ.P. § 4)
      United States District Court (Fed.R.Civ.P. § 3)
      Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
            RRR#: 7007 1490 0004 3854 9834
      Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
            RRR#: 7007 1490 0004 3854 9827