LAW OFFICE OF

# JEFFREY S. DUBIN

(631) 351-0300

In Westchester, Putnam
and Rockland Counties

(914) 686-0553

464 NEW YORK AVENUE
SUITE 100
HUNTINGTON, NY 11743

TELECOPIER
(631)351-1900

INTERNET:
dubinjs@cs.com

**MEMO ENDORSED p. 3**

July 18, 2008

Hon. Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Room 650
New York, New York 10007

By ECF and Mail



RECEIVED JUL 21 2008 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

Re:   *Alston v. Wall Street Garage Parking Corp.*
      Civil Action No. 08 Civ. 1231 (RMB)
      Motion to Add Party Defendant

Dear Judge Berman:

I am the attorney for the plaintiffs. Plaintiffs seek to amend the complaint and add a party, pursuant to F.R.C.P. §§ 15 and 19.

This action by E.R.I.S.A. Trustees to collect delinquent contributions to employee benefits funds, was filed on February 6, 2008. A pretrial conference was held on March 14, 2008. The Court has ordered that a bench trial be held on September 4, 2008.

On June 3, 2008, plaintiffs took the deposition of a nonparty employee. For the first time, plaintiff learned that all of defendant's employees were possibly paid by checks from another corporation. Confirmation of the second corporation and the correct name of that corporation, JK Improvements, Inc., wasn't discovered until additional nonparty depositions were taken on July 2, 2008, and July 16, 2008.

Hon. Richard M. Berman
July 18, 2008
Page Number -2-

Plaintiff bears the burden of demonstrating why leave to add a party should be granted, *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2nd Cir. 1990), cert. den., 505 U.S. 1222(1992). The Court has great discretion in determining whether to add a party, *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2nd Cir. 1988), cert. den., 488 U.S. 848 (1988). In exercising its discretion, the Court must consider principles of fundamental fairness and judicial efficiency, *German v. Federal Home Loan Mortg. Corp.*, 896 F.Supp. 1385, 1400 (S.D.N.Y. 1995).

There would be no prejudice to either the existing defendant or the defendant to be added as plaintiffs' claims against both corporations arise from the same occurences and transactions, see *Mathis v. Bess*, 761 F.Supp. 1023, 1027 (S.D.N.Y. 1991), modified on other grounds, 763 F.Supp. 58 (1991). There is no prejudice as the defendant to be added must have been aware of the law suit since its inception, see *Lavian v. Haghnazari*, 884 F.Supp. 670, 674 (E.D.N.Y. 1995).

The second employer is either an *alter ego* of the existing defendant, see *Crawford Door Sales Co.*, 226 N.L.R.B. 1144, 1144 (1976), or the two corporations constitute a single employer, see *NLRB v. Hospital San Rafael*, 42 F.3d 45 (1st Cir. 1994), cert. den., 516 U.S. 927 (1995). In either case both corporations would be bound by the same collective bargaining agreement. In the absence of the second corporation, JK Improvements, Inc., "the court cannot accord complete relief among existing parties."

Hon. Richard M. Berman
July 18, 2008
Page Number -3-

Very truly yours,

Jeffrey S. Dubin

cc:   Maurice Blum, Esq. (By ECF; FAX and Mail)

> Def may respond by 7/28/08
> @ Noon. (This time alt is
> FIRM + FINAL.)
>
> SO ORDERED;
> Date: 7/22/08   Richard M. Berman
> Richard M. Berman, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/08